Filed 4/19/21  P. v. Vigil CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SOPHIA RAQUEL VIGIL,<br><br>    Defendant and Appellant. | H048593<br>(Santa Clara County<br> Super. Ct. Nos. C2007357,<br> C2010425, C2010621) |

Defendant Sophia Raquel Vigil pleaded no contest in three consolidated cases to taking or unauthorized use of a vehicle with intent to temporarily deprive the owner of possession with a specified prior (Veh. Code, § 10851, subd. (a); Pen. Code, § 666.5, subd. (a)),[1] using personal identifying information without authorization (§ 530.5, subd. (a)), and second degree burglary (§ 460, subd. (b)).  Defendant was sentenced to a total term in prison of three years.

On appeal, defendant's appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) that states the case but raises no issues.  We notified defendant of her right to submit written argument on her own behalf within 30 days.  That period has elapsed, and we have received no response from defendant.

---

[1] Unspecified statutory references are to the Penal Code.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record and determined that there are no arguable issues on appeal. We affirm the judgment.

## I. BACKGROUND

### A. Case No. C2007357

On May 19, 2020, defendant was charged by complaint with assault with a deadly weapon (§ 245, subd. (a)(1)). It was further alleged that defendant personally used a dangerous and deadly weapon in the commission of the offense. (§§ 667, 1192.7, subd. (c)(23).)

### B. Case No. C2010425

On July 31, 2020, defendant was charged by complaint with using personal identifying information without authorization (§ 530.5, subd. (a)). It was further alleged that defendant was on bail at the time she committed the offense. (§ 12022.1, subd. (b).)

### C. Case No. C2010621

On August 5, 2020, defendant was charged by complaint with carjacking where the victim is the driver of the vehicle (§ 215, subd. (a); count 1), second degree robbery (§ 212.5, subd. (c); count 2), taking or unauthorized use of a vehicle with intent to temporarily deprive the owner of possession with a specified prior (Veh. Code, § 10851, subd. (a), § 666.5, subd. (a); count 3), misdemeanor battery (§ 243, subd. (a); count 4), misdemeanor driving when a license is suspended or revoked for a DUI conviction (Veh. Code, § 14601.2, subd. (a); count 5), and misdemeanor driving when the privilege is suspended or revoked for refusal of a chemical test or driving with a blood alcohol level of 0.08 percent or more (Veh. Code, § 14601.5, subd. (a); count 6). It was further alleged that defendant was on bail at the time she committed the offenses in counts 1, 2, and 3. (§ 120221, subd. (b).)

## D. The Plea

On August 19, 2020, the prosecutor moved to add a count of second degree burglary (§ 460, subd. (b); count 2) to case No. C2007357.  That same day, defendant pleaded no contest to second degree burglary (§ 460, subd. (b); count 2) in case No. C2007357, using personal identifying information without authorization (§ 530.5, subd. (a)) in case No. C2010425, and taking or unauthorized use of a vehicle with intent to temporarily deprive the owner of possession with a specified prior (Veh. Code, § 10851, subd. (a), § 666.5, subd. (a); count 3) in case No. C2010621.  Defendant entered the plea with the understanding that she would be sentenced to a term of three years in jail, the remaining counts would be dismissed with a *Harvey*[2] waiver for restitution and sentencing purposes, and she would waive all earned credits for the three cases up to August 19, 2020.[3]

## E. Sentencing

On September 14, 2020, the trial court sentenced defendant to a middle term of three years for taking or unauthorized use of a vehicle with intent to temporarily deprive the owner of possession with a specified prior (Veh. Code, § 10851, subd. (a), § 666.5, subd. (a)) in case No. C2010621, a concurrent upper term of three years for second degree burglary (§ 460, subd. (b)) in case No. C2007357, and a concurrent upper term of three years for using personal identifying information without authorization (§ 530.5, subd. (a)) in case No. C2010425.  The trial court awarded defendant a total of 52 days of custody credit, composed of 26 actual days and 26 days of conduct credit.  The trial court found that defendant did not have the ability to pay fines and fees under *People v.*

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.
[3] The parties stipulated that the police reports for the respective cases served as the factual basis of defendant's plea.  The police reports, however, are not a part of the record on appeal.

*Dueñas* (2019) 30 Cal.App.5th 1157.  Thereafter, the trial court waived all fines and fees and stayed the restitution fine under *Dueñas.*  The remaining counts were dismissed.

## II.  DISCUSSION

Having carefully reviewed the entire record, we conclude that there are no arguable issues on appeal.  (*Wende*, *supra*, 25 Cal.3d at pp. 441-443.)

## III.  DISPOSITION

The judgment is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
GROVER, J.

*People v. Vigil*
**H048593**